UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 06-114 (JDB) |
| : | |
| DELONTA REEVES, : | **FILED** |
| : | |
| Defendant. : | AUG 2 4 2007 |
| : | |

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and the Defendant hereby submit the following in preparation for a plea hearing in the instant case:

I.   ELEMENTS OF THE OFFENSE:

The essential elements of the offense of Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(iii), each of which the Government must prove beyond a reasonable doubt, are:

1.   That the Defendant possessed a controlled substance, which was 5 or more grams of cocaine base;

2.   That the Defendant possessed the controlled substance knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently; and

3.   That when the defendant possessed the controlled substance, he had the specific intent to distribute it.

II. <u>COPY OF THE PLEA AGREEMENT</u>:

A copy of the plea agreement is attached.

III. <u>PENALTIES</u>:

Pursuant to 21 United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii), the crime of Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base carries a penalty of a term of imprisonment of not less than five (5) years or more than forty (40) years, a fine of not more than $2 million, and a term of supervised release of at least four (4) years.

IV. <u>STATEMENT OF THE OFFENSE</u>:

Had this matter proceeded to trial, the Government was prepared to prove beyond a reasonable doubt that on March 28, 2006, at approximately 6:42 p.m., members of the Narcotics Special Investigation Division of the Metropolitan Police Department ("MPD") were conducting an undercover narcotics "buy-bust" operation in the 2500 block of Pennsylvania Avenue, Southeast, in this District. An undercover MPD officer approached co-defendant David Leary and told co-defendant Leary that he wanted to purchase some marijuana. Co-defendant Leary responded that he had to "make sure his man had it," and then co-defendant Leary walked over to a silver-colored Jeep Cherokee, in which the defendant, Delonta Reeves, was sitting in the driver's seat.

Co-defendant Leary got into the passenger side of the Jeep, and a short time later, exited the Jeep and walked back over to the undercover officer. Co-defendant Leary then told the undercover officer that "his man had it," and the undercover officer gave co-defendant Leary $40.00 in pre-recorded MPD funds. Co-defendant Leary walked back to the Jeep, got inside, and a short time later, returned to the undercover officer, and handed the undercover officer two clear zip lock bags containing a green, weed-like substance. Thereafter, the undercover officer left the location, and

MPD officers broadcast a look-out description for both co-defendant Leary and Defendant Reeves, who had remained in the driver's seat of the Jeep during the entire transaction.

Thereafter, MPD officers stopped co-defendant Leary and Defendant Reeves on the scene. The MPD officers searched co-defendant Leary and recovered $6.00 in U.S. currency, $5.00 of which was pre-recorded MPD funds. The MPD officers also searched Defendant Reeves and recovered $165.00 in U.S. currency, of which $35.00 was pre-recorded MPD funds, one zip lock of a green, weed-like substance, a clear plastic bag containing a loose, green, weed-like substance, 17 zip locks of green, weed-like substance, one pill bottle containing two pills, and 26 zip locks, each containing a white, rock-like substance.

The MPD officers searched the Jeep Cherokee and recovered one zip lock containing a green, weed-like substance, a Pringles can containing 15 zip locks of green, weed-like substance, numerous empty zip locks, a large, white rock-like substance, a pill bottle containing 114 zip locks, each of which contained a white, rock-like substance, 116 zip locks, each containing a white, rock-like substance, multiple razors, rubber gloves, and a scale. The MPD officers also recovered a loaded Ruger, nine millimeter, semi-automatic gun from the center console of the Jeep.

The green, weed-like substance inside of the two zip locks that co-defendant Leary sold to the under cover officer, and all of the green, weed-like substances recovered during the search of Defendant Reeves and the Jeep Cherokee were later submitted to the Drug Enforcement Agency's laboratory where chemical analysis determined that each green, weed-like substance is marijuana, with a combined net weight of 34.2 grams.

The two pills recovered from Defendant Reeves was submitted to the Drug Enforcement Agency's laboratory where chemical analysis determined that the pills are MDMA, also known as

ecstasy, with a net weight of .55 grams.

Each of the white, rock-like substances recovered from Defendant Reeves and from the Jeep Cherokee were submitted to the Drug Enforcement Agency's laboratory where chemical analysis determined that each white, rock-like substance is cocaine base, with a combined net weight of 27.9 grams.

## Additional Relevant Conduct

The Government was also prepared to prove beyond a reasonable doubt that on May 18, 2007, at approximately 7:48 p.m., members of MPD's Sixth District Focus Mission Unit were conducting an observation post operation in the 2500 block of Pennsylvania Avenue, Southeast, in this District. The MPD officers entered a store located at 2529 Pennsylvania Avenue, Southeast, where they stopped Bryan Heard, who matched the description of a person whom police had just observed engaged in an apparent narcotics transaction outside of the location. Bryan Heard was standing next to Defendant Reeves, and both men were standing behind a store counter. The MPD officers saw Defendant Reeves toss a clear, plastic bag containing a white, rock-like substance to the floor. An MPD officer searched the floor where Defendant Reeves was standing and recovered the plastic bag containing the white, rock-like substance, two scales, and a large zip lock containing a green, weed-like substance.

The MPD officers approached Keith Howard, who was sitting in front of the store counter, and one MPD officer asked Keith Howard to open his hands. Keith Howard then handed the MPD officer two small zip locks containing a green, weed-like substance, and the MPD officer recovered one additional zip lock containing a green, weed-like substance from Keith Howard's jacket pocket. Keith Howard, Bryan Heard, and Defendant Reeves were arrested on the scene.

The white, rock-like substance that Defendant Reeves tossed to the ground, and the green, weed-like substance that was recovered from the floor where Defendant Reeves was standing were both submitted to the Drug Enforcement Agency's laboratory where chemical analysis determined that the white, rock-like substance is cocaine base, with a net weight of 2.6 grams, and the green, weed-like substance is marijuana, with a net weight of 16.7 grams.

The foregoing proffer is a summary of the Defendant's participation in the offense of Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base, and is not intended to be a complete account of all facts and events related to the offense. The limited purpose of this factual proffer is to demonstrate that a factual basis exists to support the Defendant's guilty plea in this case.

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. BAR NO. 489-610

BY: _____
PRECIOUS MURCHISON
Assistant United States Attorney
Maryland Bar
U.S. Attorney's Office
555 Fourth Street NW, Room 4840
Washington, DC 20530
(202) 307-6080

5

## DEFENDANT'S ACCEPTANCE

I have read the Government's Proffer of Evidence setting forth the facts as to my Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(iii). I have discussed this proffer fully with my attorney, Paul Hunt, Esquire. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 08/17/07

_____
DELONTA REEVES
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read the government's proffer of evidence as to my client's Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base. I have reviewed the entire proffer with my client and have discussed it with him fully. I acknowledge my client's agreement with and acceptance of this proffer.

Date: 8/17/07

_____
PAUL HUNT
Counsel for Defendant