UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| United States | * | |
| | * | Criminal No. 06-114 (JDB) |
| | * | |
| Vs. | * | |
| | * | |
| | * | |
| Delonta Reeves | * | |
| | * | |
| | * | |

## **DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Defendant Delonta Reeves, through counsel, states the following:

Mr. Reeves agrees with the description of the conduct that led to this guilty plea which is included in the government's sentencing memorandum in this case. As such, the defense would again emphasize that the acceptance of responsibility has been both truthful and without hesitation in this case. Importantly, Mr. Reeves concurs with the government motion to reduce his offense level by three for the acceptance of responsibility in this case. The discussion in footnote #1 on page five of the government memorandum is especially important in light of the pre-sentence report in this case. The point of the argument in this footnote is that the plea agreement occurred after the alleged obstruction in this case and therefore a three point reduction of the offense level in this case for acceptance of responsibility is not inconsistent with any obstruction that might have occurred. See United States v. Hopper, 27 F.3d 378, 383-84 (9th Cir. 1994). The defense fully agrees with the position of the government on this issue and would join in the government's motion to allow this defendant to have his offense level reduced by three for acceptance of responsibility.

Second, the defense would also acknowledge the last update of the pre-sentence report by Ms. Brandon which indicates the recent adjustment of the sentencing guidelines for crack cocaine under federal law. Thus, as indicated on page 6 of the final revision made on 11/7/07 of the pre-sentence report, the base offense level for this case starts at 26.

The defense would object to the addition of the two points to the offense level in the pre-sentence report for obstruction of justice. Specifically, the plea agreement states the government will not ask for any increases in the base offense level in this case that are not specifically included in the plea agreement. The plea states that the government can only seek a base level increase for obstruction of justice which occurs **after** the date of the plea agreement in paragraph number 6. Thus, any alleged obstruction in this case occurred prior to the plea agreement and should not result in an increase of two in the base offense level.

The defense would also object to the two point addition to the base offense level in this case for possession of a weapon during the offense. In this case, the defendant has not admitted to possession of this weapon in the plea agreement nor was he found guilty of such possession during a trial in this case. The defendant would submit that under these circumstances a two point addition to his base offense level would not be appropriate under the case law. See Blakely v. Washington, 542 US 296 (2004).

The defense would summarize the sentencing arguments relating to determination of the offense level in this case as follows. The defense agrees that the base offense level should be 26 under the new guidelines applicable to this case. The defense concurs with the United States of America under the case law that a three point reduction for acceptance of responsibility is appropriate in this case and not inconsistent with an allegation of obstruction of justice for the reasons indicated. The defense would object to the additions for the weapon and obstruction of

justice in this case for the reasons indicated in this pleading. Thus, the defense would submit that

the appropriate offense level in this case is a 23. Mr. Reeves has no prior criminal history so the

guideline range in the case would be 46 to 57 months.

The statute in this case provides a minimum sentence of at least 5 years imprisonment

and not less than 40 years. Title 21 United States Code, Section 841(b)(1)(B)(iii). However,

under Section 5C1.2 the defendant can qualify for limitation on the applicability of the

mandatory minimum. In this case, the plea agreement contemplated that the removal of

agreement to the gun bump of two points in the case was an acknowledgment by the government

that Mr. Reeves could ask for the safety valve. Given the defense position that the gun is not

attributable to the defendant in this type of case, Mr. Reeves would seek to qualify for the

limitation on the applicability of the statutory maximum. The government itself is asking for a

sentence in the middle of the guidelines which would be below the statutory minimum. The plea

agreement states the parties feel a guideline sentence is reasonable. Thus, given all the totality in

this case the defendant would submit a low end guideline sentence would be appropriate. This is

Mr. Reeve's first conviction and he is going to do some time. He has a family which he will ~~can~~

be separated from which is an extraordinary event. The defense would submit that a sentence at

the low end of the indicated guideline would serve the interests of punishment and ~~coercion~~ Deterrence and

take into account the individual factors that apply to Mr. Reeves.

Respectfully Submitted,

Paul D. Hunt
Attorney for Mr. Reeves
4614 Wissahican Ave.
Rockville, MD   20853
Fed. Bar #447182
Phone: 301-452-2316